UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SYL JOHNSON**, | ) |
| | ) |
| plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| **JEFFERSON AIRPLANE**, **INC.**, | ) |
| **MARTYN J. BUCHWALD**, p/k/a | ) |
| "Marty Balin," **SONY BMG MUSIC** | ) |
| **ENTERTAINMENT**, **BMG MUSIC**, and | ) |
| **LEGACY RECORDINGS**, a division of | ) |
| Sony BMG Entertainment, | ) |
| | ) |
| defendants. | )   *TRIAL BY JURY REQUESTED* |

## COMPLAINT

SYL JOHNSON, plaintiff, complains of defendants, JEFFERSON AIRPLANE, INC., MARTYN J. BUCHWALD, p/k/a/ "Marty Balin," SONY BMG MUSIC ENTERTAINMENT, BMG MUSIC, and LEGACY RECORDINGS, a division of Sony BMG Music Entertainment, and states as follows.

1. Plaintiff is an individual residing in Chicago, Illinois.  He is a songwriter and musician who has written and performed for many years, and continues to do so.  Plaintiff co-wrote the song, "Dresses Too Short."

2. Defendant Jefferson Airplane, Inc., is a Delaware corporation, with its principal place of business in California.  On information and belief, it is the corporate entity that owns and controls the assets of the musical and recording group, "Jefferson Airplane."

3. Defendant Martyn J. Buchwald, p/k/a "Marty Balin" ("Balin"), is an adult resident of California. Balin is a musical artist and performer, who purports to be a songwriter.

4. Defendant Sony BMG Music Entertainment ("Sony") is a successor-in-interest to Sony Music Entertainment, Inc., with its principal place of business in New York City. Sony is engaged in the manufacture, distribution, and sale of records, tapes, compact discs, and other media.

5. Defendant BMG Music ("BMG") is a New York corporation with its principal place of business in New York City. BMG is engaged in the business of music publishing.

6. Defendant Legacy Recordings ("Legacy") is an unincorporated division of Sony, with its principal place of business in New York City. Legacy specializes in manufacture, distribution, and sale of records, tapes, compact discs, and other media of vintage and "classic" musical recordings.

7. This action arises under the copyright laws of the United States, 17 U.S.C § 101, *et seq.*

8. This court has jurisdiction of this case pursuant to the laws of the United States governing actions relating to copyright, 28 U.S.C. §§ 1331 and 1338.

9. This court has personal jurisdiction over all the defendants because, on information and belief, all the defendants transact business within the State of Illinois, including within this judicial district, and all of the defendants com-

mitted and continue to commit tortious acts (infringement of plaintiff's copyright) within the State of Illinois, including within this judicial district.

10.  Venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391(a)(2), 1391(b)(2), and 1400(a).

11.  In 1968, plaintiff and his co-songwriter, Carl Smith, authored the song, "Dresses Too Short."

12.  Plaintiff's and Smith's musical composition, "Dresses Too Short," is an original expression.

13.  Plaintiff's and Smith's original expression, "Dresses Too Short," was placed in a fixed medium in about November 1968 when the original recording of the song took place; plaintiff being the performer of the song.  The November 1968 recording of "Dresses Too Short" was distributed to the public to great acclaim and popularity.

14.  Plaintiff's copyright in the said musical composition was registered on March 5, 2009, and is evidenced by registration number PA 1-640-404.

15.  Defendants were and are aware of plaintiffs' rights in the said composition and, on information and belief, on the registration of the copyright.

16.  Defendants were aware at all times relevant to this complaint that "Dresses Too Short" was the original expression of plaintiff and his co-songwriter, that it was not the original expression of Balin or anyone else associated with defendants, and that the work was and continues to be protected by copyright.

17. On about May 15, 2007, defendants released, *Sweeping Up the Spotlight, Live at Fillmore East 1969*, a compact disc that included a song entitled. "You Wear Your Dresses Too Short." The disc purports to be a recording of a concert performed by Jefferson Airplane in November 1969, approximately one year after plaintiff's recording of "Dresses Too Short" was released.

18. Neither plaintiff nor his co-songwriter is credited in any way on the album or any other release by defendants of the song, "You Wear Your Dresses Too Short."

19. "You Wear Your Dresses Too Short" is a copy of plaintiff's copyrighted work, "Dresses Too Short."

20. Defendants manufactured and distributed, and continue to manufacture and distribute, a large number of copies of *Sweeping Up the Spotlight*, all of which include the infringing song. Jefferson Airplane also performed the song numerous times in concerts and other live performances.

21. Defendants were not authorized to copy "Dresses Too Short." Defendants have not paid any royalties or other compensation to plaintiff or to his co-songwriter for defendants' copying and unauthorized uses of plaintiff's work.

22. In an effort to further profit from the unauthorized use of plaintiff's work, on about October 1, 1992, defendant Balin, applied for and received a copyright (registration number PA 627-495) on "You Wear Your Dresses Too Short," by falsely claiming in his application that defendant Balin was the author of the words and music of the song. On information and belief, defendant

Balin has received royalties due to the said fraudulently obtained copyright registration.

## Count I

23. Plaintiff repeats and realleges paragraphs 1 through 22 as if fully stated herein.

24. Defendants, without authority, made, manufactured, distributed, sold, publicly performed, and profited from plaintiff's musical composition, "Dresses Too Short."

25. On information and belief, Defendants, without authority, made, manufactured, distributed, sold, publicly performed, and profited from derivative works from or based on plaintiff's musical composition, "Dresses Too Short."

26. Defendant Balin, without authority, through the use of false and fraudulent representations to the Copyright Office of the United States, applied for and obtained a copyright for the work, "You Wear Your Dresses Too Short," fully aware that he was not entitled to such registration.

27. Defendants knew that their copying, publicly performing, and making derivative works from plaintiff's song, and benefiting from the wrongfully obtained copyright, was not authorized by plaintiff or anyone else.

28. Defendants' conduct violated and continues to violate 17 U.S.C. § 106 and defendants are liable under 17 U.S.C. §501.

29. Defendants' conduct was and is willful.

## **Count II**

30. Plaintiff repeats and realleges paragraphs 1 through 22 as if fully stated herein.

31. Plaintiff commercially competes with defendants.

32. Album and compact disc covers and their contents (including the recognition of the authors of songs contained in the recording) are a means of influencing potential purchasers to buy that recording, and other recordings of the authors of the works contained in the recording, or recordings of other songs written by the authors of the works contained in the recording. Album and compact disc covers and literature constitute commercial speech.

33. Defendants' failure to credit plaintiff on the cover or literature of the compact disc, *Sweeping Up the Spotlight, Live at Fillmore East 1969*, or any other release of the song, "You Wear Your Dresses Too Short," and, instead, crediting defendant Balin as the sole songwriter of the song, was and is false and misleading descriptions and representations of fact. Defendants did not credit plaintiff on any commercial advertising or promotional materials related to the compact disc, *Sweeping Up the Spotlight, Live at Fillmore East 1969*, including advertising and the disc's cover and internal literature.

34. Defendants' failure to credit plaintiff misrepresents the nature, characteristics, and qualities of the goods, services, and commercial activities related to the compact disc and the individual infringing song contained on the disc.

35. Defendants' conduct violates and continues to violate 15 U.S.C § 1125(a) and is a willful violation of that statute.

### Prayer for Relief

WHEREFORE, plaintiff requests judgment against the defendants, and each of them, including the following:

A. Findings of fact and conclusions of law establishing that defendants infringed plaintiff's copyright, and a finding that one or more of the defendants' infringement was willful and intentional;

B. A permanent injunction, pursuant to 17 U.S.C § 502, prohibiting defendants and all those in active concert with defendants from further direct or indirect infringement of plaintiff's copyright, requiring defendants to destroy, pursuant to 17 U.S.C § 503, all copies of the infringing matter and prohibiting defendants from creating any derivative works from or based on plaintiff's copyrighted work;

C. An order requiring defendant Balin, and anyone claiming rights by or through said defendant, to assign to plaintiff copyright registration PA-627-495, and disgorge to plaintiff all royalties received therefrom, plus interest;

D. Monetary compensation sufficient to compensate plaintiff for his damages, including statutory damages if selected by plaintiff, and prejudgment and postjudgment interest;

E. A permanent injunction prohibiting defendants from continuing the false advertising and false promotion and requiring defendants to credit plaintiff

and his co-songwriter on all materials related to the song, "She Wears Her Dresses Too Short," including all future releases of the recording;

    F. Costs and attorney fees: and

    G. Such further relief as the court may deem just and appropriate.

*TRIAL BY JURY REQUESTED*

                              Syl Johnson, plaintiff

                              by   *Douglas K. Morrison*
                                    One of his attorneys

Douglas K. Morrison
MORRISON & MIX
120 N. La Salle St., Ste. 2750
Chicago, Illinois 60602
312-726-0888